UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL STANFORD, <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN HICKS, DAVID PEKOSKE, UNITED STATES OF AMERICA, MIRO WEINBERGER, KATE SNYDER, DAN RIVERA, and MICHAEL BOTIERI, <br><br> Defendants. | Civil Action No. 21-cv-11608-AK |

MEMORANDUM AND ORDER

A. KELLEY, D.J.

     Plaintiff Paul Stanford brought this action in the Superior Court of Plymouth County, broadly alleging Kathleen Hicks, David Pekoske, Kristin Setera, Miro Weinberger, Kate Snyder, Dan Rivera, and Michael Botieri (collectively, "Defendants"), all of whom held or hold various positions in federal, state, or municipal governments and agencies, are involved in illegal surveillance of Plaintiff. The action was removed to this Court, and the United States of America was substituted as a defendant for Kristin Setera. [Dkts. 1, 7]. Defendant United States then filed a Motion to Dismiss [Dkt. 12], and Defendants Snyder, Botieri, and Rivera jointly filed a Motion to Dismiss soon after [Dkt. 19]. For the reasons that follow, those Motions to Dismiss are GRANTED.

     **I.  Background**

     Plaintiff first filed a complaint in the Superior Court of Plymouth County. [Dkt. 10-1 ("Original Complaint")]. The facts alleged in Plaintiff's Original Complaint include only that

1

Defendants are "part of a rogue task force" acting "extra-legally" by being "up on [Plaintiff's] phone and illegally surveilling [him] in [his] home" as part of "a continuing pattern of harassment." [Id. at 1-2]. The Original Complaint lists no cause of action. [See id.]. While the action was pending in state court, Defendants Snyder, Botieri, and Rivera each moved to dismiss Plaintiff's Original Complaint [Dkts. 10-12, 10-18, 10-21], and the state court allowed Plaintiff to refile his pleading in compliance with the Massachusetts Rules of Civil Procedure [see Dkt. 10-25 at 1; Dkt. 10-28 at 1]. In response to the state court's order, Plaintiff filed a "Motion to Enter Specific Claims and Pleadings for Which Fault and Damages May Be Attached." [Dkt. 10-25]. Defendants Snyder, Botieri, and Rivera then jointly renewed and adopted their previously filed motions to dismiss. [Dkt. 10-28]. Shortly thereafter, Defendant United States removed the action to this Court [Dkts. 1, 10-30] and filed a Motion to Dismiss [Dkt. 12 ("U.S. Motion")]. Defendants Snyder, Botieri, and Rivera again moved to dismiss the action for failure to state a claim, adopting their state court filings and relevant portions of Defendant United States's Motion to Dismiss by reference. [Dkt. 19 ("Motion") at 1].

      Defendant United States argues that Plaintiff has failed to state a claim upon which relief can be granted. [Dkt. 13 ("U.S. Memo") at 3-4]. Defendant United States also contends that the Court lacks subject matter jurisdiction because there has been no waiver of sovereign immunity and, alternatively, Plaintiff has failed to exhaust his administrative remedies to the extent Plaintiff's claims can be considered tort claims. [U.S. Memo at 4-5]. Plaintiff responds that Defendant United States fails to acknowledge that the "original complaint has been amended to include specific claims and charges on which relief can be granted." [Dkt. 17 ("Opposition to U.S.") at 1]. The Court presumes Plaintiff is referring to the "Motion to Enter Specific Claims and Pleadings for Which Fault and Damages May Be Attached" that Plaintiff filed in state court,

which the Court will treat as an amended complaint.[1]  [See Dkt. 10-25 ("Amended Complaint")]. Plaintiff also maintains that sovereign immunity does not apply.  [Opposition to U.S. at 1].  The Court need not consider the sovereign immunity and administrative remedy arguments, as Plaintiff has failed to state a claim upon which relief can be granted.[2]

Defendants Snyder, Botieri, and Rivera have adopted Defendant United States's argument regarding Plaintiff's failure to state a claim in addition to their state court motions to dismiss.  [Motion at 1].  In their joint state court motion, Defendants Snyder, Botieri, and Rivera argue that neither Plaintiff's Original Complaint nor his Amended Complaint contain "any factual allegation which rises to the level of a cause of action against any of the Defendants." [Dkt. 10-28 ("State Court Motion") at 2].  Plaintiff responds to Defendants Snyder, Botieri, and Rivera's Motion by requesting that the Court "compel Defendants to file a proper response to Plaintiff's amended complaint" in the form of "an answer that either accepts or rejects the allegations made against" them.  [Dkt. 20 ("Opposition") at 2].

## II.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the complaint to

---

[1] The Court reads the Amended Complaint [Dkt. 10-25] as incorporating Plaintiff's Original Complaint [Dkt. 10-1]. See Geas v. DuBois, 868 F. Supp. 19, 22 (D. Mass. 1994) (noting that an amended complaint may incorporate the original complaint); see also Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (stating that courts must construe a pro se plaintiff's complaint "liberally").

[2] The Court disregards Plaintiff's statements regarding qualified immunity, as they are irrelevant to Defendants' arguments.  [See Dkt. 18 at 1].

distinguish factual allegations from conclusory legal statements.  Id.  Factual allegations must be accepted as true, while legal conclusions are not entitled credit.  Id.  A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable.  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Although the Court is "required to construe liberally a pro se complaint," a plaintiff's "pro se status does not insulate [him or her] from complying with procedural and substantive law."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### III.     Discussion

As an initial matter, Defendants Snyder, Botieri, and Rivera's Motion is procedurally proper.  See Fed. R. Civ. P. 12(b) (requiring a motion asserting a defense based on a plaintiff's failure to state a claim for relief to "be made before pleading if a responsive pleading is allowed").  The Court therefore disregards Plaintiff's request to "compel Defendants to file a proper response to Plaintiff's amended complaint."   [See Opposition at 2].

The essential inquiry—whether the Amended Complaint states a claim upon which relief can be granted—fares no better for Plaintiff.[3]  Defendant United States argues that Plaintiff's allegations of a "rogue task force" acting "extra-legally" to surveil him provide "absolutely no notice to the United States of any actionable legal theory or the specific grounds on which [Plaintiff's] claims rest."  [U.S. Memo at 3-4].  Defendants Snyder, Botieri, and Rivera argue similarly and specifically state that the Amended Complaint "referencing various federal laws"

---

[3] The Court notes that Plaintiff does not appear to have served the Amended Complaint on any of Defendants [see Dkt. 10-28 at 1 n.1], though it need not address this issue to resolve the Motions to Dismiss, see Blair v. City of Worcester, 522 F.3d 105, 109-10 (1st Cir. 2008) (explaining when an amended complaint must be served on defendants and when lack of service of the amended complaint warrants dismissal).

still fails to state "any factual allegation" leading to a cause of action against Defendants. [State Court Motion at 1-2]. Plaintiff makes little attempt to refute the arguments about the sufficiency of his factual allegations.[4]

In the Amended Complaint, Plaintiff lists several statutes that do not provide a cause of action to a private citizen or that have nothing to do with the barebones facts alleged: 18 U.S.C. § 371; 18 U.S.C. § 595; 18 U.S.C. § 2516(1); and Mass. Gen. Laws ch. 265, § 43.  See 18 U.S.C. § 371 (providing for fines and imprisonment for conspiracy to defraud the United States); 18 U.S.C. § 595 (providing for fines and imprisonment of U.S. officials for "interfering with, or affecting," the nomination or election of U.S. government officials); 18 U.S.C. § 2516(1) (allowing certain representatives of the Office of the Attorney General to authorize an application to a federal judge for the interception of wire or oral communications); Mass. Gen. Laws ch. 265, § 43 (providing for fines and imprisonment for stalking).  Plaintiff therefore cannot proceed under any of these legal theories.

The only reference that could possibly provide an avenue to relief is Plaintiff's vague mention of the Fourth Amendment, and even this falls short.  In the same paragraph in which he discusses Mass. Gen. Laws ch. 265, § 43, Plaintiff also broadly alleges "Fourth Amendment violations," that is, "[i]llegal search without cause by task force members," stating "the task force has taken over all means of electronic communication and inundates Plaintiff with threats and coercion" and has "muffled" his communications.  [Amended Complaint at 1].  While an

---

[4] Plaintiff does contend that Defendant United States has ignored the Amended Complaint. [Opposition to U.S. at 1]. The factual allegations referenced by Defendant United States in its Motion to Dismiss do appear in Plaintiff's Original Complaint (which, as explained, the Court considers incorporated in the Amended Complaint), and Defendant United States does not specifically address any of the statutes Plaintiff presents in his Amended Complaint. Regardless, like the Original Complaint, the Amended Complaint also fails to state "any actionable legal theory or the specific grounds on which [Plaintiff's] claims rest" [U.S. Memo at 4], and Plaintiff's argument that Defendant United States has overlooked the Amended Complaint is unavailing.  As detailed in this order, even the Amended Complaint, which lists several federal statutes, fails to state a claim for relief.

individual may pursue action against government actors for Fourth Amendment violations through various statutory and common law means, the "bald assertions" in Plaintiff's Amended Complaint are insufficient to state a claim for relief no matter which legal framework Plaintiff uses.[5]  Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005) (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)) (noting that the Court is "not bound to credit 'bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like'"). Plaintiff's sweeping and vague allegations here are too "threadbare" and "speculative" to survive a motion to dismiss.  Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595-96 (1st Cir. 2011) (citing Bell Atl. Corp., 550 U.S. at 557 n.5) (explaining that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual'" and that "pure speculation" and "mere possibility [are] not enough to state a claim").  Plaintiff has therefore failed to state a plausible claim to relief.  See Ashcroft, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

Furthermore, Plaintiff fails to allege any facts describing any particular act in which Defendants United States, Snyder, Botieri, and Rivera—or *any* named Defendants—have participated.  See Peñalbert-Rosa, 631 F.3d at 594-95 ("[A]n adequate complaint must include not only a plausible claim but also a plausible defendant.  Yet there is nothing in the complaint beyond raw speculation to suggest that *the named defendants* participated—either as perpetrators or accomplices—in the [alleged injustice].").  Plaintiff makes no attempt to explain how

---

[5] Even if Plaintiff pleaded sufficient facts establishing a plausible Fourth Amendment violation, there "is no direct cause of action by an individual for a constitutional violation; rather, such a claim must be brought under 42 U.S.C. § 1983" or as a *Bivens* action.  See Tomaselli v. Beaulieu, 967 F. Supp. 2d 423, 433 n.3 (D. Mass. 2013); Natal-Roasio v. P.R. Police Dep't, 639 F. Supp. 2d 174, 180 (D.P.R. 2009).

Defendants United States, Snyder, Botieri, and Rivera are conceivably responsible for whatever constitutional or statutory injury he alleges.  See Clervrain v. Raimondo, No. 20-cv-00535, 2021 WL 149073, at *1, 2 (D.R.I. Jan. 15, 2021) (dismissing an action for failure to state a claim and as frivolous where there was "no conceivable—never mind plausible—way" the named defendant could be liable and where the complaint did not "even try to draw a link" between the defendant and the plaintiff's alleged injury).  In fact, none of Defendants' names appear in the body of either Plaintiff's Original Complaint or his Amended Complaint.  Plaintiff's failure to describe—even vaguely—Defendants' roles in the alleged unlawful conduct underscores the implausibility of Plaintiff's pleading.  See Ocasio-Hernandez, 640 F.3d at 12 (explaining that the factual allegations must allow for a "reasonable inference that the defendant is liable for the misconduct alleged"); Haley, 657 F.3d at 46 (same).

### IV.     Conclusion

For the foregoing reasons, Defendant United States's Motion to Dismiss [Dkt. 12] and Defendants Snyder, Botieri, and Rivera's jointly filed Motion to Dismiss [Dkt. 19] are GRANTED, and Plaintiff's claims against them are dismissed without prejudice.

IT IS SO ORDERED.

Dated: March 22, 2022                                            /s/ Angel Kelley
                                                                 Hon. Angel Kelley
                                                                 United States District Judge